# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Mildred Martin, | ) | CASE NO.  1:13 CV 2537 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| PCC Airfoils, LLC, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## Introduction

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 23).  This case arises out of plaintiff's former employment with defendant. For the following reasons, the motion is GRANTED.

## Facts

Plaintiff Mildred Martin filed her Complaint against defendant PCC Airfoils, LLC in the Cuyahoga County Court of Common Pleas.  Defendant removed the case to this Court on the basis of federal question jurisdiction.

1

Plaintiff is an African American female.[1] At the time of her lay off, plaintiff was 59 years old. In 1978, plaintiff was hired by Sherwood Refractories, Inc.  In 1986, defendant purchased Sherwood Refractories and became plaintiff's employer.  Defendant "supplies ceramic cores and custom blended ceramic particulate systems used in the manufacture of investment cast blades and vanes for turbine applications, including injection molded wax gates and runners." (Dukes-Thompson aff.) From February 2009 through the time of her lay off, plaintiff's title was B-Cell Operator.

Plaintiff's shift was from 6:00 a.m. to 2:00 p.m.  Plaintiff was given one paid 10 minute break and one paid 20 minute lunch break. Prior to 2013, defendant utilized Kronos, a timekeeping system which plaintiff used to clock in and out.  From January 1, 2013, through plaintiff's lay off, defendant used eTime, also a timekeeping system which plaintiff used to clock in and out.  These systems electronically recorded each of plaintiff's clock ins and clock outs. Defendant maintains these records which Human Resource Manager Angela Dukes-Thompson

---

[1]     All facts are taken from evidence submitted by defendant, namely, plaintiff's deposition and exhibits and the affidavit of Human Resources Manager Angela Dukes-Thompson and exhibits.  Plaintiff submits only the affidavit of her attorney which incorporates the "notes and diagnosis of Dr. Marbury the expert witness retained..." (Doc. 26 Ex. 1) As noted by defendant, this evidence is relevant to damages only, and not liability.  Moreover, plaintiff states in her brief, "So as not to be redundant, Plaintiff incorporates in full her Declarations in Response to Defendants' Statement of Uncontested Facts and Plaintiff's Counter Statement of Disputed Material Facts within this memorandum of law as if the same were set forth in full herein."  (Doc. 26 at 10) No such document, however, has been filed with the Court.  Finally, plaintiff contends that defendant has failed to "discharge its initial burden" because it relies "only" on plaintiff's deposition.  But, such evidence is proper on summary judgment.  Moreover, plaintiff criticizes Dukes-Thompson's affidavit as self-serving and a "prop and a ploy," but did not present contrary affidavit testimony.  Nor does it appear that plaintiff deposed Dukes-Thompson.

submits.

Plaintiff was required to enter operations into a computer which corresponded to her own clock number. Each of these operations was electronically submitted to an SQL server that recorded each entered operation and corresponding clock number.  The operations would take seconds to transmit and when entered, the employee would be finished with her computer work. Plaintiff testified that prior to 2012, she did this computer work prior to clocking out and that beginning in 2012, she performed this computer work after clocking out.

In 2007, plaintiff was written up for making "bad product."  As a result, her job code was changed and her pay was decreased from $15.09 per hour to $14.09 per hour.  On February 9, 2009, plaintiff's pay was increased back to $15.09 per hour.  It stayed at that rate until April 2013 when it was increased to $15.24 per hour.

In her July 2012 performance review, plaintiff received a rating of 2 out of 5 for productivity.  In her October 2012 performance review, plaintiff received a rating of 2 out of 5 for productivity and quality.  In her February 2013 performance review, plaintiff received a rating of 2 out of 5 for productivity.  On February 10, 2013, plaintiff was issued a written warning for low productivity.

Angela Dukes-Thompson avers the following.  During late 2012 and early 2013, defendant's business experienced a downturn.  Defendant projected that in the coming months its business would not recover.  As a result, defendant decided to reduce its workforce.  To effectuate this reduction in force, defendant laid off five employees, including plaintiff. In order to determine which employees to lay off, Dukes-Thompson (an African American female) and Tom Eldridge (a White male age 56) utilized defendant's "weekly bottom 20% report" which

3

lists the employees whose work productivity was in the bottom 20%. The report of defendant's employees over the course of 10 weeks was reviewed and the five employees who finished the most weeks in the bottom 20% were selected for lay off. Plaintiff was in the bottom 20% for 8 of the 10 weeks. Four other employees were also consistently in the bottom 20% and were laid off at the same time as plaintiff: Wendy Vannarath (41 year old Asian American female), Shantel Price (24 year old African American female), Alan Phillips (26 year old male of two or more races) and Jamal Cotton (26 year old African American male). Plaintiff's lay off occurred on June 28, 2013, with recall rights which expired one year later. No employee was hired or reassigned to replace plaintiff, although defendant has assigned various SAW[2] temporary employees to perform some of plaintiff's, and the other laid off employees', job duties.

Plaintiff thereafter filed her Complaint setting forth eight claims.[3] Count One alleges a violation of the Ohio Minimum Fair Wage Standards Act and the Fair Labor Standards Act. Count Two alleges age discrimination under federal and state law. Count Three alleges gender discrimination (it does not specify whether the claim is brought pursuant to state or federal law). Count Four alleges race discrimination under Ohio law. Count Five alleges negligent hiring, retention, and/or supervision. Count Six alleges negligent infliction of emotional distress. Count Seven alleges intentional infliction of emotional distress. Count Eight alleges retaliation (it does not specify whether the claim is brought pursuant to state or federal law). This Court previously dismissed Counts Five, Six, and Seven. This matter is now before the Court upon defendant's

---

[2]     SAW refers to "Solutions at Work" and are handicapped individuals.

[3]     Additionally, plaintiff asserted that she was bringing a "collective action" but she has failed to add any parties or otherwise pursue these allegations.

Motion for Summary Judgment.

**<u>Standard of Review</u>**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

<u>**Discussion**</u>

**1) Count One**

Count one alleges that defendant failed to pay plaintiff for pre-shift and post-shift preparatory and concluding work, and overtime compensation in violation of the Ohio Minimum Fair Wage Standards Act and the Fair Labor Standards Act.  Applying applicable law to the relevant evidence, defendant argues that it is entitled to summary judgment on this claim. Plaintiff fails to respond to this argument or address this claim on any basis. The Court finds that defendant is entitled to summary judgment for the reasons stated in its motion.

**2) Counts Two, Three, and Four**

Count Two alleges age discrimination under federal and state law.  Count Three alleges gender discrimination, but does not specify whether the claim is brought pursuant to state or federal law.  Count Four alleges race discrimination under Ohio law.

Defendant points out that plaintiff failed to file an EEOC charge and, therefore, did not exhaust her federal law discrimination claims.  Plaintiff does not address or refute defendant's arguments. The Court agrees with defendant that the failure to exhaust bars plaintiff's federal claims.   Plaintiff must first administratively exhaust her ADEA and Title VII claims.  A plaintiff

6

"must file a charge with the EEOC before filing a complaint alleging age discrimination in federal court." *Spengler v. Worthington Cylinders*, 615 F.3d 481 (6th Cir. 2010) (citations omitted); *Shu-Lien Chang v. Sodexho, Inc*., 2011 WL 3444239 (N.D.Ohio August 7, 2011) (The court found the ADEA claim barred because "It is beyond dispute that a charge of discrimination with the EEOC is a jurisdictional prerequisite to filing a civil action in this Court.")   Similarly, before bringing suit under Title VII, a claimant must exhaust her administrative remedies by filing an EEOC charge. *Crowder v. Railcrew Xpress*, 557 Fed.Appx. 487 (6th Cir. 2014).

Even assuming the ADEA claim and claims for race and gender (to the extent they are brought under federal law) were not barred, they fail for the same reasons the state age, race, and gender discrimination claims fail.

Claims of age, race, and gender discrimination under Ohio law are analyzed in the same manner as those claims brought under federal law. *McKinley v. Skyline Chili, Inc*., 534 Fed.Appx. 461 (6th Cir. 2013) (Plaintiff's age and sex discrimination claims were brought under both Ohio state and federal law and the Ohio claims were analyzed under the same framework as the federal claims.); *Myers v. Cuyahoga County, Ohio*, 182 Fed.Appx. 510 (6th Cir. 2006) ("Under Ohio law, [plaintiff's] race and sex discrimination claims under Ohio Revised Code § 4112 are analyzed according to the same standards used to analyze federal discrimination claims under Title VII.")

The burden shifting analysis employed in such claims in the absence of direct evidence of discrimination is well-settled.  Plaintiff must first satisfy his burden of establishing a prima facie case by showing that 1) he is a member of a protected class; 2) he was qualified for the job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse

employment action; and 4) he was replaced by a person outside the protected class. *Laster v. City of Kalamazoo*, 746 F.3d 714 (6th Cir. 2014) (citations omitted).  In cases of reduction in force, there is a heightened standard modifying the fourth element and requiring some "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" instead. *Slapak v. Tiger Management Group, LLC,* --- Fed.Appx. ----, 2014 WL 7139556 (6th Cir. 2014) (citations omitted).

If defendant asserts a legitimate, nondiscriminatory reason for its action, plaintiff must show that it was actually a pretext for unlawful discrimination.  To establish pretext, plaintiff must show that the defendant's articulated reason: (1) lacks a basis in fact, (2) did not actually motivate the defendant's actions, or (3) was insufficient to motivate the defendant's actions. *Carroll v. Ohio Dept. of Administrative Services*, 555 Fed.Appx. 512 (6th Cir. 2014) (citations omitted).

Initially, plaintiff appears to dispute that she was laid off pursuant to a reduction in force. Plaintiff states that she was wrongfully terminated and "Defendants produce no evidence that it was along with four other employees, as part of an alleged reduction in force..." (Doc. 26 at 2) The Court disagrees as the undisputed affidavit testimony of Dukes-Thompson establishes that plaintiff's lay off was part of a reduction in force.   Furthermore, plaintiff appears to contend that she was replaced by SAW workers. The Sixth Circuit has recognized:

> A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only

8

when another employee is hired or reassigned to perform the plaintiff's duties.

*Pierson v. Quad/Graphics Printing Corp.,* 749 F.3d 530 (6ᵗʰ Cir. 2014) (citations omitted).  The undisputed evidence shows that plaintiff was not replaced. Dukes-Thompson avers, "No employee has been hired or reassigned to replace plaintiff." Additionally, "PCC has assigned various SAW, temporary and regular/indefinite employees to perform some of plaintiff's job duties, specifically, working on injection and CNC machines."  And, "PCC utilized SAW, temporary and regular/indefinite employees prior to plaintiff's lay off."  (Dukes-Thompson aff. ¶¶ 42-43, 45) Plaintiff has not pointed to any evidence that she was replaced. In fact, when asked at deposition about being replaced, plaintiff testified that she knew the SAW workers replaced her because "they were doing it when I left" and her sister, who also works for defendant, told her the SAW workers were still working.  (pltf. depo. 65-66) There is no evidence that any SAW worker was hired to perform plaintiff's job or reassigned to perform plaintiff's duties (solely, and not in addition to other duties).  Additionally, plaintiff testified that "they hired some people since they terminated me."  (*Id.* at 65) But, plaintiff points to no evidence to support this statement, and does not identify anyone in particular.  Finally, plaintiff testified that defendant moved an existing employee, Richard Johnson, presumably to perform plaintiff's job.  *(Id.)* Again, there is no evidence that this employee was reassigned to perform plaintiff's duties only. Incidentally (although not relevant to whether he actually replaced plaintiff), Johnson is a 62 year old African American male.  (Dukes-Thompson aff. ¶ 46) For these reasons, the Court finds that plaintiff was laid off as part of a reduction in force and, therefore, she must satisfy the heightened pleading requirement.

The Court will assume that plaintiff satisfies the first three elements of her prima facie

case given that she cannot satisfy the fourth element because she fails to present evidence of additional direct, circumstantial, or statistical evidence tending to indicate that the defendant singled her out for discharge because of her race, age, or gender.  Moreover, plaintiff fails to show pretext.

Plaintiff states that defendant decided to terminate plaintiff and "to retain white, younger, and male employees similarly situated and found to have been in violation of some of the same workforce production policies."  (Doc. 26 at 4) But, plaintiff provides no evidentiary support for her statement.  Plaintiff also states that defendant had a "pervasive history of retaliation and discrimination." (*Id.* at 4) Again, she cites to no evidence. Plaintiff states that her termination as a 59 year old African American female "was manufactured by presumably younger non black decision making employees."  (*Id.* at 5) But, despite plaintiff's unsupported assertions that Dukes-Thompson was employed as a "prop and a ploy," her affidavit is "self -serving," and there is no proof that she "actually exercised her decision making power," the undisputed evidence shows that Dukes-Thompson (an African American Human Resources Manager) did make the decision to lay off the five employees along with Tom Eldridge, who is White but only three years younger than plaintiff. Plaintiff states that defendant terminated her "rather than other less productive employees."  (*Id.* at 7)   No evidence is cited.  Plaintiff states she was held to an "unreasonable standard of production." (*Id.* at 9) Plaintiff does not cite to evidence and even conceded at deposition that defendant evaluated her on the same standard as her coworkers. (pltf. depo. 45-46).  Plaintiff points out that none of the five employees who were laid off were White. But, plaintiff fails to identify any authority that requires an employer to lay off employees outside the protected class. Nor does plaintiff identify any non-African American employees

10

who scored worse than plaintiff on the weekly bottom 20% reports, but were nevertheless maintained as an employee.  Plaintiff states that the SAW workers who performed her job duties were "non black."  (Doc. 26 at 15) But, plaintiff provides no evidentiary support for this statement.  She also states that none of the SAW workers "were beyond the age of 40 years of age."  (*Id.* at note 1) Again, there is no citation to evidence.

For these reasons, plaintiff fails to introduce some additional direct, circumstantial, or statistical evidence tending to indicate that the defendant singled her out for lay off for impermissible reasons.  Therefore, she does not make out a prima facie case of age, gender, or race discrimination.  Summary judgment is warranted on Counts Two, Three, and Four.[4]

### 3) Count Eight

---

[4]     Even assuming she established a prima facie case, there is no evidence of pretext. At most, plaintiff contends that defendant violated its own lay off policy set forth in the Employee Handbook which, plaintiff asserts, required that employees be laid off in order of seniority.  However, the Handbook provides that in the event of a workforce reduction, "the order of layoff is determined by management based on the skills, knowledge, and abilities that are necessary to perform the ongoing or future work of the department or company."  The employees in a lower job code are laid off first.  "The remaining least senior employees in the job being reduced will be laid off in order of seniority, provided the remaining employees have the ability to perform work which is available."  (pltf. depo. Ex. 2) Plaintiff does not demonstrate that use of the production data violated this policy.  Even so, as defendant points out, "[A]n employer's failure to follow self-imposed regulations or procedures is generally insufficient to support a finding of pretext." *White v. Columbus Metropolitan Housing Authority*, 429 F.3d 232 (6th Cir. 2005). Finally, plaintiff states that defendant gave conflicting reasons for her lay off. But, plaintiff points to her deposition testimony wherein she questions whether she was informed that she was being laid off due to lack of work, and not that her position was being eliminated. Plaintiff acknowledged therein, though, that she did not "know for sure" whether there were two documents because "it was an emotional time." (pltf. depo. 113) There is no evidence that plaintiff was given two different reasons for her lay off.

Count Eight alleges retaliation. Plaintiff alleges she was terminated for complaining of unlawful workplace violations. The Complaint does not specify whether this claim is brought pursuant to state or federal law. Even so, it would be analyzed in the same manner. To the extent the claim is brought pursuant to Title VII, plaintiff failed to exhaust her administrative remedies by not filing an EEOC charge.

To establish a prima facie case of retaliation, plaintiff must show that she engaged in protected activity under Title VII, the defendant knew about that activity, the defendant responded by taking a materially adverse action toward her, and defendant would not have taken this action but for the protected activity. *Dean-Lis v. McHugh,* --- Fed.Appx. ----, 2015 WL 399134 (6th cir. 2015 (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir.2014)).  If plaintiff satisfies this requirement, the burden shifts to the defendant to identify a non-retaliatory explanation for its actions. The burden then shifts back to plaintiff to establish that defendant's explanation was pretextual and that the lay off stemmed from retaliation due to plaintiff's protected activities. *Id.*

As an initial matter, plaintiff fails to show pretext, as discussed above, and her claim fails on this basis.  It also fails for other reasons.  Plaintiff asserts that she engaged in protected activity when she complained about the number of parts her employer wanted her to produce and the $1.00 reduction of pay she received.  (Doc 26 at 16 citing pltf. depo. 51-53) Plaintiff fails to show how this constitutes protected activity under Title VII. Nor is there any evidence of causation as the evidence only establishes that plaintiff was chosen for lay off, along with four other employees, based on production reports.

Summary judgment is appropriate on Count Eight.

12

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/17/15

13